IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUSAN H. POON,

        Petitioner,

v.

THOMAS LILLARD,

        Respondent.

Case No. 25-CV-00378-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Susan H. Poon, an inmate currently incarcerated at Federal Correctional Institution Greenville in Illinois, brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases.

On June 9, 2021, a jury returned a verdict finding Petitioner Poon guilty of five counts of health care fraud in violation of 18 U.S.C. § 1347(a)(2), three counts of making false statements relating to health care matters in violation of 18 U.S.C. § 1035(a)(2), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). *See United States v. Poon*, No. 19-cr-00162-DOC (C.D. Cal. 2022) (Doc. 77). District Judge David O. Carter imposed a sentence of 48 months' imprisonment as to Counts 1 through 8 (to be served concurrently) and 24 months' imprisonment as to Count 9 of the Indictment (to be served consecutively to Counts 1 through 8). S*ee*

*id.* (Doc. 118). Petitioner Poon's release date is October 19, 2026. *See Find an inmate.*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ [https://perma.cc/7CKY-Z5UZ] (last visited Apr. 7, 2025) (search for Inmate Locator No. 78678-112).

In the instant Petition, Poon argues that she was not provided with twelve months of Second Chance Act time credits to be applied to her sentence in accordance with 18 U.S.C. §§ 3621 and 3624. (*See* Doc. 1, pp. 8–9, 11). She states that she has "exhausted all the Administrative Remedies internally." (*Id.*, p. 16). Poon thus raises one issue: whether or not time credits were appropriately applied to her current sentence of imprisonment. (*See id.*). Without commenting on the merits of the claim, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Poon is not entitled to habeas relief.

The Court notes, however, that Poon names "Mr. Vong (CAMP Administrator)" as a Respondent in her Petition in addition to Warden Lillard. (*See id.*, p. 1). The Supreme Court has held that "[t]he consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). "This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Id.* at 435. Thus, the only permissible respondent in a § 2241 petition is the warden of the facility having custody over the petitioner. Therefore, any claims against Mr. Vong are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to terminate Mr. Vong as a named Respondent in this action.

## DISPOSITION

**IT IS HEREBY ORDERED** that Respondent Lillard shall answer or otherwise plead on or before May 8, 2025. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Poon is **ADVISED** of her continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in her whereabouts during the pendency of this action. This notification shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs in accordance with Local Rule 3.1(b)(2). Failure to provide such notice may result in dismissal of this case or other sanctions. *See id.*; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   April 8, 2025**

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
