IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUSAN H. POON,

  **Petitioner,**

v.

WARDEN, FCI GREENVILLE,[1]

  **Respondent.**

Case No. 25-CV-00378-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 brought by Petitioner Susan H. Poon, an inmate currently incarcerated at Federal Correctional Institution, Greenville in Illinois. (Doc. 1). In her Petition, Poon argues that the Bureau of Prisons ("BOP") did not properly apply earned time credits toward her sentence in line with the First Step Act and that she should be permitted to serve the final 12 months of her sentence in a Residential Reentry Facility or under home confinement in accordance with the Second Chance Act. (*See id.*). For the following reasons, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

  On June 9, 2021, a jury returned a verdict finding Petitioner Poon guilty of five counts of health care fraud in violation of 18 U.S.C. § 1347(a)(2), three counts of making false statements relating to health care matters in violation of 18 U.S.C. § 1035(a)(2), and one count of aggravated identity theft in violation of 18 U.S.C. §

---

[1] This Court granted the Government's Motion to Substitute Party on August 15, 2025.

1028A(a)(1). *See United States v. Poon*, No. 19-cr-00162-DOC (C.D. Cal. 2022) (Doc. 77). District Judge David O. Carter imposed a sentence of 48 months' imprisonment as to Counts 1 through 8 (to be served concurrently) and 24 months' imprisonment as to Count 9 of the Indictment (to be served consecutively to Counts 1 through 8). S*ee id.* (Doc. 118). Petitioner Poon's release date is October 19, 2026. *See Find an inmate.*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ [https://perma.cc/ELY6-69DM] (last visited September 24, 2025) (search for Inmate Locator No. 78678-112).

Poon filed the instant Petition on March 21, 2025; she argues that she should be given 12 months of First Step Act Time Credits[2] to be applied to her sentence instead of 6 months in accordance with 18 U.S.C. §§ 3621 and 3624. (*See* Doc. 1). She also argues that she should be placed in a Residential Reentry Facility or in home confinement for the final 12 months of her sentence. (*See id.*). The Government filed a Response on May 8, 2025. (Doc. 17).

## APPLICABLE LEGAL STANDARDS

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of

---

[2] Although Poon refers to "Second Chance Act Time Credits" in her Petition (*see* Doc. 1, p. 8), it appears that she intended to refer to First Step Act Time Credits. Thus, this Court construes her request for "Second Chance Act Time Credits" to be a request for First Step Act Time Credits.

incarceration. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335).

Before seeking relief in federal court, a prisoner is required to exhaust their administrative remedies. *Beam v. Sproul*, No. 3:24-CV-02255-GCS, 2025 WL 1359903, at *1 (S.D. Ill. Apr. 10, 2025) (citing *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992). The exhaustion requirement accomplishes two important policy objectives: protection of the agency's authority and promotion of judicial economy. *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). While there is no statutory exhaustion requirement that applies to § 2241 petitions, *see McLemore v. Cross*, No. CV 13-163-CJP, 2014 WL 335445, at *1 (S.D. Ill. Jan. 30, 2014) (citing *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)), the Seventh Circuit has recognized that a common law exhaustion requirement does apply. *Id.* (citing *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004)). Moreover, complete exhaustion of administrative remedies is required, even if the appeals process results in the denial of the requested relief. *Beam*, 2025 WL 1359903, at *1 (citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)). Where a petitioner complains that errors have been made with respect to the BOP's policies and calculations, the BOP must first be given the opportunity to correct any such error. *Id.* (citing *Ramirez v. Zuercher*, No. 08-1283, 2008 WL 4724289, at *2 (C.D. Ill. Oct. 24, 2008)).

To properly exhaust their administrative remedies, a petitioner must first file an informal complaint with the institution staff. *Garcia v. Emmerich*, No. 25-CV-323-WMC, 2025 WL 1859156, at *1 (W.D. Wis. June 18, 2025) (citing 28 C.F.R. §

542.13(a)). If the complaint is not resolved informally, petitioner must next file an administrative remedy request on a BP-9 form at the institution where they are incarcerated. *Id.* (citing 28 C.F.R. § 542.14(a)). If petitioner is not satisfied with the warden's response to the BP-9 form complaint, they may appeal to the Regional Director on a BP-10 form within 20 days. *Id.* (citing 28 C.F.R. § 542.15(a)). If unsatisfied with the Regional Director's response to the BP-10 form, petitioner may appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id.* (citing 28 C.F.R. § 542.15(a)). To reiterate, complete exhaustion of remedies is required. *Id.*; *see Beam*, 2025 WL 1359903, at *1.

> That being said, exhaustion can be excused when:
>
> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). "In other contexts, exhaustion can also be excused when 'prison officials prevent inmates from using the administrative process.'" *Moon v. Walton*, No. 12-CV-636-DRH-DGW, 2013 WL 3453691, at *3 (S.D. Ill. July 9, 2013) (citation modified) (quoting *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). "Moreover, when considering whether common-law exhaustion requirements have been met, the Court may consider whether, in a particular case, the requirement is waived because an 'agency had placed unreasonable restrictions on access to them.'" *Id.* (quoting *Glisson v. U.S. Forest Serv.*, 55 F.3d 1325, 1327 (7th Cir. 1995)).

## ANALYSIS

**I.     Exhaustion of Administrative Remedies**

Poon submitted two separate institutional administrative remedy requests with the BOP. (*See* Doc. 17, Ex. 2, Att. B, C)). The initial request was assigned request number 1225478 and the second request was assigned request number 1227005. (*See id.*). Request #1225478 involved 12 months of prerelease custody time under the SCA. 18 U.S.C. § 3624(c). (*See id.*, Ex. 2, Att. B). In Request #1227005, Poon sought compassionate release in order to care for her mother. (*See id.*, Ex. 2, Att. C),

The BOP denied Poon's first request in remedy request #1225478-F1 on January 16, 2025. (*See id.*, Ex. 2, ¶ 8 (citing *id.*, Att. B)). Subsequently, Poon appealed the decision to the BOP's Regional Office in remedy request #1225478-R1; it was subsequently denied on January 31, 2025. (*See id.*, Ex. 2, ¶ 9 (citing *id.*, Att. B)). Poon then appealed to the BOP's Central Office in remedy request #1225478-A1; this appeal was also rejected by the Central Office on March 18, 2025 because Poon used the wrong form. (*See id.*, Ex. 2, ¶ 10 (citing Att. B, p. 4)). Poon then timely resubmitted her appeal (now numbered 1225478-A2) to the Central Office on the correct form on March 27, 2025. The Central office denied the appeal on April 29, 2025. *Id.*

The BOP denied Poon's request in remedy request #1227005-F1 on January 29, 2025. (*See id.*, Ex. 2, ¶ 12 (citing Att. C, pp. 8–14)). Poon appealed the decision to the BOP Regional Office in administrative remedy request #1227005-R1 and her remedy request was subsequently denied on February 24, 2025. (*See id.*, Ex. 2, ¶ 13 (citing Att. C, pp. 5–7; *id.*, Ex. 2, Att. A, p. 7). Poon then appealed to the BOP Central Office under remedy number 1227005-A1 and her remedy request was denied on May

1, 2025. (*See id.*, Ex. 2, ¶ 14 (citing *id.*, Att. C, pp. 1–3); *id.*, Ex. 2, Att. A, p. 10).

Considering the above, while Poon insists in her Complaint that she "exhausted all the Administrative Remedies internally" (Doc. 1, p. 16), based on the timelines of when the BOP issued the final decisions on her grievances and when Poon filed her § 2241 Petition in this matter, it is clear to this Court that Poon did not fully exhaust her administrative remedies before filing her Complaint on March 21, 2025. (*See id.*). The Government argues that the instant Petition should be denied and dismissed for failure to exhaust because "[e]xcusing Petitioner's failure to exhaust would only encourage the pursuit of litigation while the administrative remedy process remains ongoing, and such behavior should not be allowed." (Doc. 17, p. 10 (citing *King v. Cross*, Civil No. 12-1280-CJP, 2014 WL 185015, at *4 (S.D. Ill. Jan. 16, 2014))).

That being said, this Court must consider the BOP's stated policy objective of judicial economy, especially since the Government's Response (Doc. 17) fully addresses the merits of her Petition. *See, e.g.*, *Richmond*, 387 F.3d at 604. While Poon clearly filed the instant Petition prior to receiving a final decision from the BOP, requiring her to re-file the instant Petition would not promote judicial economy when the administrative remedy process was completed prior to the filing of the Government's Response. Put another way, refusing to consider the merits of the instant Petition would increase the administrative burden placed on this Court in conducting preliminary review and re-briefing a newly filed petition asserting the same requests for relief. Therefore, although Poon has not demonstrated that the BOP unreasonably restricted her access to the appeals process because the matter of

Poon's request for additional time credits is now ripe and fully briefed, this Court will assess her arguments as a one-time courtesy in order to ensure that judicial resources are conserved.

This Court also notes that the Government argues that a § 2241 petition is not the appropriate procedural mechanism to address Poon's requests. (*See* Doc. 17, p. 7; *see also id.* n.6 (collecting cases)). The Government notes that Poon raised these issues in her criminal case in the U.S. District Court for the Central District of California, but was told to file a § 2241 petition in this District. (*See id.*, p. 7). While this Court agrees that Poon's request to be transferred to a halfway house or home confinement hews closer to a request to transfer facilities (which is not cognizable under § 2241 petition, (*see, e.g., id.*, p. 7 n.6)), because Poon's request hinges of the application of time credits and in the interest of judicial economy, this Court will analyze the merits of her Petition.

## II.     First Step Act and Second Chance Act

Generally, the BOP's sentencing calculation is governed by 18 U.S.C. § 3585, which provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." *Id.* § 3585(a).

Pursuant to the First Step Act ("FSA"), BOP inmates are eligible to earn time credits ("FTCs") for participation in various evidence-based recidivism reduction programs or productive activities. *See id.* § 3632(d)(4)(A). Additionally, earned FTCs may be applied to prerelease custody or early transfer to supervised release, the latter

of which may not be greater than 12 months or 365 days. *See id.* §§ 3624(g)(3), 3632(d)(4)(C). The FTCs earned must be "equal to the remainder of the prisoner's imposed term of imprisonment" for them to be applied to prerelease custody or supervised release. 18 U.S.C. § 3624(g)(1)(A). Prerelease custody either in a Residential Reentry Center ("RRC") or served in home confinement ("HC") is considered to be a continuation of the inmate's term of imprisonment. *See id.* § 3624(c).

18 U.S.C. § 3621(b) is the applicable statute when considering the placement of prisoners from one correctional facility to another:

> This statute delegates sole authority to the BOP to designate the place of confinement for federal prisoners, including the transfer of prisoners from one correctional facility to another, and sets forth five factors for the BOP to consider in making placement decisions: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for the sentence of imprisonment or recommending a particular type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission . . . . These factors also guide consideration of a prisoner's placement in an [Residential Reentry Center] for the final portion of his or her sentence, which may be as much as 12 months.

*Oden v. True*, No. 19-CV-1009-SMY, 2019 WL 6117740 (S.D. Ill. Nov. 18, 2019) (citing 18 U.S.C. §§ 3621 (b)(1)–(5); 3624(c)). Additionally, the BOP has broad discretion with respect to decisions about the placement of prisoners, including but not limited to, the length of time for an inmate to be placed in an RRC. *See Davis v. United States*, No. 17-cv-294-DRH (S.D. Ill.).

With respect to the SCA:

The Director of the Bureau of Prisons shall, to the extent practicable,

> ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c). Furthermore, the time that an inmate is to be placed in prerelease custody under the SCA should be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.* § 3624(c)(6)(C).

Additionally, for "a court to order the BOP to reconsider its placement recommendation, the court must find that the BOP has abused its discretion by failing to consider statutory factors." *Smith v. Sproul*, No. 21-CV-00005-SPM, 2021 WL 3287796 (S.D. Ill. Aug. 2, 2021) (citing *Feazell v. Sherrod*, No. 10-901-GPM, 2010 WL 5174355 (S.D. Ill. Dec. 16, 2010)[3]). "Once the court has determined that the BOP did not exceed its authority in reaching its decision, it is beyond the purview of the court to second guess the outcome." *Smith*, 2021 WL 3287796, at *2 (citing *Feazell*, 2010 WL 5174355).

In the instant Petition, Poon argues that the BOP did not apply 12 months of FTCs to her sentence in accordance with 18 U.S.C. §§ 3621 and 3624. (*See* Doc. 1, pp. 8–9, 11). She argues that the application of these credits would change her projected release date "from October 9, 2025 to April 7, 2025 or sooner." (*Id.*, p. 8). She argues that she is "not a threat to society" and has a low risk of recidivism and "would like

---

[3] This Court notes that the party name "Feazell" is misspelled as "Fazell" in *Smith v. Sproul*, 2021 WL 3287796.

to reintegrate back to my community to be a tax paying & law abiding citizen." (*Id.*, pp. 8–9). She states that she has "exhausted all the Administrative Remedies internally." (*Id.*, p. 16); *see supra* Section I.

In their Response (Doc. 17), the Government states that Poon "has been determined eligible to earn" FTCs. (*Id.*, p. 2). They state that Poon is projected to have 365 days of FTCs "applied to early transfer to supervised release," (*id.*, pp. 2–3); the Case Manager at FCI Greenville states in her declaration that Poon's earliest possible placement date is October 14, 2025. (*Id.*, Ex. 1, p. 4). This date includes the "365 FSA Projected Release Days, 190 FSA Conditional Placement Days, and 180 SCA Conditional Placement Days." (*Id.*). This is confirmed in the BOP's most recent calculation of Poon's release date. (*See id.*, Ex 1, Att. C; *id.*, Ex. 3, p. 3). Therefore, this Court holds that Poon's FTC calculations were properly performed by the BOP and this portion of her Petition need not be reconsidered.

The Government argues that Poon's November 2024 Individualized Needs Plan Program Review considered all five 18 U.S.C. 3621(b) factors. (*See id.*, Ex. 1, ¶ 7 (citing Att. B)). In the same exhibit, Lisa Newsome, Case Manager at the Federal Correctional Institution Greenville, states "Poon was not recommended for 365 days of RRC time under the SCA because she does not require the resources of an RRC to establish a home, find a job, obtain educational credentials, or reunite with her family." (*Id.*, p. 3). Poon herself, in her Petition, mentions that she "ha[s] a home, full time employment to start working immediately [sic]." (*Id.*, p. 8). Poon's own analysis is similarly stated in her Individualized Needs Plan Program Review, with the Review determining "Poon has housing, and family support." (*See* Doc. 17, Ex. 1, ¶ 7

(citing Att. B)). Therefore, the Government notes that Poon was not recommended for the full 12 months of prerelease custody; instead, she was recommended for 151 to 180 days of prerelease custody. (*Id.*, p. 5 (citing *id.*, Ex. 1, Att. B)).

18 U.S.C. § 3624(c) identifies a clear purpose to assist the inmate in reentry into the community with respect to the application of SCA credits. Poon, by her own admission, does not require significant assistance to reintegrate into the community. (Doc. 1). With the consideration that 12 months is the *maximum* allowable amount of time for an inmate to be placed in RRC, along with the intentions and goals outlined for SCA under 18 U.S.C. § 3624(c), it is clear to this Court that the BOP's recommendation that Poon be provided 151 to 180 days in prerelease custody pursuant to the SCA credits was not inappropriate or unreasonable. Therefore, October 14, 2025 is her earliest possible release date. (*See* Doc. 17, Ex. 1, Att. C; *id.*, Ex. 3, p. 3).

Because Poon's November 2024 Individualized Needs Plan Program Review considered all five 18 U.S.C. § 3621(b) factors, this Court finds that Poon has not met her burden to show that the BOP abused its discretion by failing to consider all five of these same factors. *See Smith v. Sproul*, 2021 WL 3287796, at *2 (citing *Feazell*, 2010 WL 5174355). Therefore, Poon's Petition must be denied.

## Conclusion

For the reasons set forth above, Susan H. Poon's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

If Poon wishes to appeal the dismissal of this action, her notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, she will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past 6 months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:  September 24, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**